## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **DSI HOLDINGS, INC., et al.,**[1] | : | **Case No. 11-11941 (KJC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | **Objection Deadline: July 14, 2011 at 4:00 p.m.** |
| | : | **Hearing Date: July 21, 2011 at 1:00 p.m.** |

-------------------------------------------------------------x

### DEBTORS' APPLICATION TO EMPLOY
### AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
### FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE:

DSI Holdings, Inc. ("DSI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors in possession (collectively, the "Debtors" or "DEB"), submit this

application (the "Application") and respectfully represent:

### Background

1. On June 26, 2011 (the "Commencement Date"), each of the Debtors

commenced a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their

---

[1] The last four digits of DSI Holdings, Inc.'s federal tax identification number are 9441. The mailing address for DSI Holdings, Inc. is 9401 Blue Grass Road, Philadelphia, PA 19114. Due to the large number of Debtors in these cases, for which the Debtors have requested joint administration, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed noticing and claims agent at http://www.kccllc.net/debshops.

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## DEB's Business

2.      DEB is a specialty retail chain that operates 318 stores in the junior "fast fashion" market.  Additional information about the Debtors can be found in the *Declaration of Barry J. Susson in Support of the First-Day Motions and Applications*, which is available at www.kccllc.net/debshops [ECF No. 16].

## Relief Requested

3.      The Debtors seek court approval pursuant to section 327(a) and 328(a) of the Bankruptcy Code and Local Rule 2014-1  to employ and retain Weil, Gotshal & Manges LLP ("Weil," or the "Firm"), *nunc pro tunc* to the Commencement Date, as their attorneys in connection with the commencement and prosecution of their chapter 11 cases.  Further, the Debtors, as debtors in possession, request that the Court approve the retention of Weil, under a general retainer, as their attorneys, to perform the extensive legal services that will be necessary during their chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and normal reimbursement policies.  In support of this Application, the Debtors are submitting the declaration of Michael F. Walsh, a member of Weil (the "Walsh Declaration"), attached hereto as "Annex A."  A proposed form of order is annexed hereto as Annex B (the "Proposed Order").

## Jurisdiction and Venue

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Retention of Weil

5.    The Debtors have been informed that Michael F. Walsh, a member of
Weil, as well as other members of, counsel to, and associates of Weil who will be employed in
these chapter 11 cases, are members in good standing of, among others, the Bar of the State of
New York, the United States District Court for the Southern District of New York and the United
States District Court for the Northern District of Texas.

6.    The Debtors have selected Weil as their attorneys because of the Firm's
recognized expertise in the field of debtor protections, creditor rights, and business
reorganizations under chapter 11 of the Bankruptcy Code as well as Weil's extensive knowledge
of the Debtors' business and financial affairs. Weil has been actively involved in most of the
major chapter 11 cases over the last several decades. Weil currently represents or has in the past
represented, among others, the following debtors: Motors Liquidation Company (f/k/a General
Motors Corporation), Lehman Brothers Holdings Inc., SemCrude, L.P., Washington Mutual,
Inc., General Growth Properties Inc., Pilgrim's Pride Corporation, Crescent Resources, LLC,
Aleris International Inc., LandSource Communities Development, LLC, Uno Restaurant
Holdings Corp., Extended Stay Inc., The New York Racing Association, Magna Entertainment
Corp., Silicon Graphics, Inc., Footstar, Inc., Enron Corp., Worldcom, Inc., Global Crossing Ltd.,
Parmalat USA Corp., Loral Space & Communications Ltd., TL Administration Corporation,
Republic Engineered Product Holdings, WestPoint Stevens Inc., Adelphia Business Solutions,
Inc., APW Ltd., Formica Corp., Regal Cinemas, Inc., Sunbeam Corporation, Bethlehem Steel
Corporation, Armstrong Worldwide Industries, Genesis Health Services Corp., Grand Union
Corporation, Weiner's Stores, Carmike Cinemas, Inc., DIMAC Marketing Corporation, Sun
Healthcare Group, Inc., United Companies Financial Corporation, Bruno's, Inc., The Drexel

Burnham Lambert Group, Inc., Eastern Air Lines, Inc., Edison Brothers Stores, Inc. I & II, Texas Rangers Baseball Partners, Texaco Inc., and many others.

7.     Weil has represented the Debtors since their acquisition by Lee Equity Partners, LLC in 2007.  During that time, Weil has performed essentially all the Debtors' external corporate and finance work.  Since 2009, Weil has also represented Deb Shops, Inc. in connection with negotiations with its principal lenders.  During the course of these representations, Weil has developed extensive knowledge of the Debtors' business, financial affairs, and capital structure.  Accordingly, Weil has the necessary background to effectively address many of the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases.  The Debtors believe that Weil is both well qualified and uniquely able to represent them in their chapter 11 cases in an efficient and timely manner.

8.     Should the Debtors be required to retain attorneys other than Weil in connection with the prosecution of these chapter 11 cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessary for such attorneys to become familiar with the intricacies of the Debtors' business operations and capital structure.

9.     The Debtors filed, or are filing contemporaneously, applications seeking to employ Richards, Layton & Finger, P.A., as Delaware co-counsel, Rothschild Inc., as financial advisor, and Kurtzman Carson Consultants LLC, as claims and noticing agent.  Weil intends to monitor and carefully coordinate the efforts of all professionals, and clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.  Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient

coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

### Scope of Services

10. The employment of Weil under a general retainer, and in accordance with its normal hourly rates and disbursement policies in effect from time to time, is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to implement the restructuring and reorganization of their businesses. Subject to further order of this Court, the Debtors propose to employ Weil to render the following professional services:

    a.    prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

    b.    take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

    c.    take all necessary actions in connection with the Debtors' proposed sale under section 363 of the Bankruptcy Code of substantially all their assets and such further actions as may be required in connection with the administration of the Debtors' estates; and

    d.    perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

11. It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services. Weil has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

## Weil's Disinterestedness

12.     To the best of the Debtors' knowledge, the members of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their creditors, any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Walsh Declaration.

13.     Based upon the Walsh Declaration, the Debtors submit that Weil is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

## Professional Compensation

14.     As set forth in the Walsh Declaration, Weil received an advance against fees and expenses for services to be performed in preparation for and prosecution of these chapter 11 cases, in the amount disclosed in the Walsh Declaration.  Prior to the Commencement Date, Weil applied against such advance amounts due from the Debtors as compensation for professional services performed relating to the potential restructuring of the Debtors' financial obligations and the potential commencement of these chapter 11 cases, as well as for the reimbursement of reasonable and necessary expenses incurred in connection therewith.  As of the date hereof, Weil has a remaining credit balance in favor of the Debtors in the approximate amount of $450,000.  Weil intends to apply the retainer to any outstanding amounts relating to the period prior to the Commencement Date which were not processed through Weil's billing system as of the Commencement Date, and to retain the balance on account of services rendered and expenses incurred subsequent to the Commencement Date.

15.     The Debtors understand that Weil hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016(2), the guidelines (the "Guidelines") established by the United States Trustee for the District of Delaware (the "U.S. Trustee"), and further orders of this Court (the "Orders," together with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines, the "Fee Guideline") for all services performed and expenses incurred after the Commencement Date.

16.     Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain Weil on any reasonable terms and conditions. For services rendered by Weil in these chapter 11 cases, the Debtors, subject to the provisions of the Fee Guidelines, propose to pay Weil its customary hourly rates that are in effect from time to time, as set forth in the Walsh Declaration. The Debtors respectfully submit that such rates are reasonable. Weil has agreed to notify the Debtors and the U.S. Trustee of any change in the hourly rates charged by Weil for services rendered.

17.     In addition, the Debtors have been informed that Weil intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with the Fee Guidelines. Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil will charge $.10 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to

ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third party vendor) include, but are not limited to, facsimiles, overtime, overtime meals, deliveries, court costs, transcript fees, travel, and clerk fees.

### Notice

18. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors shall provide notice of this Application, pursuant to Local Rule 9006-1(c)(i), by overnight delivery to: (i) the United States Trustee for the District of Delaware; (ii) counsel to the Debtors' postpetition lenders; (iii) counsel to Lee Equity Partners and their affiliates; (iv) the Debtors' second lien lenders; (v) each of the Debtors' creditors holding the thirty largest unsecured claims (on a consolidated basis); and (vi) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

### No Previous Request

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 5, 2011
      Philadelphia, Pennsylvania

                DSI Holdings, Inc.
                (for itself and on behalf of its affiliated
                Debtors and Debtors in Possession)

            By: _____
                Barry J. Sasson
                Assistant Treasurer of DSI Holdings, Inc.
                Senior Vice President and Chief Financial
                Officer of the other Debtors (except for DSI
                Holdings, Inc.)